# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VALERI MYSIN,<br><br>Defendant. | Nos. 2:11-cr-00427-TLN<br>2:12-cr-00051-MCE<br><br>**ORDER RELATING CASES** |

## I. FACTUAL AND PROCEDURAL BACKGROUND

In case number 2:11-cr-00427-TLN, Defendant Valeri Mysin pled guilty to two counts of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. (ECF No. 167 at 2.)[1] In the same plea agreement, Defendant also pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 for which he was charged in case number 2:12-cr-00051-MCE. (ECF No. 167 at 2.) Defendant then "provided substantial assistance to the government in a number of matters, including testifying at trial" for the government in a third case. (ECF No. 322 at 1.) Defendant's sentencing hearings in case number 2:11-cr-00427-TLN and in case number 2:12-cr-00051-MCE are currently set for January 24, 2019 in different courtrooms. (ECF No. 322 at 2.) Defendant and the United States now request that the Court relate the two matters for purpose of sentencing, pursuant to Rule 123 of the Local Rules of the United States District Court for the Eastern District

---

[1] For the purpose of this Order, all ECF citations are to the docket for case number 2:11-cr-00427-TLN.

1

of California. (ECF No. 322 at 2-3.) The parties also jointly request that the court order the cases consolidated for the same purpose of sentencing. (ECF No. 322 at 3.)

## II. STANDARD OF LAW

Under Local Rule 123, two actions are related when they involve the same parties and are based on a same or similar claim; when they involve the same transaction, property, or event; or when they "involve similar questions of fact and the same question of law and their assignment to the same Judge . . . is likely to effect a substantial savings of judicial effort." L.R. 123(a). Further,

> [i]f the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(c).

With respect to consolidation, district courts have discretion to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). District courts may also "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3). *See also Hall v. Hall*, 138 S. Ct. 1118, 1124 (2018).

## III. ANALYSIS

### a. RELATING CASES

The Court finds that with respect to Defendant's upcoming sentencing hearings, the two above captioned actions are related within the meaning of Local Rule 123(a). The two actions "involve similar questions of fact and the same question of law," specifically, the extent to which Defendant is entitled to a downward departure in his sentences pursuant to section 5K1.1 of the U.S. Sentencing Guidelines Manual. L.R. 123(a). Given that Defendant's cooperation with prosecutors was not specific to either of the above captioned cases for which he is to be sentenced, the extent of the downward departure to which he is entitled is sufficiently common between both actions to satisfy the requirements of Local Rule 123(a).

The Court further finds that assigning this case "to the same Judge . . . is likely to effect a substantial savings of judicial effort" because there is no need for two different courts to conduct

two different sentencing hearings for this one Defendant. *Id.* This is particularly true given the fact that the presentence reports prepared by the U.S. Probation Office "considered both cases related for Guidelines calculation purposes." (ECF No. 322 at 3.) The Court has previously conducted sentencing hearings in which it called two separate cases involving the same defendant at the same time, and the Court intends to do so again when it sentences Defendant in January. Relating these cases should therefore cut in half the amount of judicial time spent preparing for, and conducting, Defendant's sentencing hearing.

### b. CONSOLIDATION

The Court does not believe that consolidation is appropriate at this time because, as previously stated, it is the Court's intention to call both related cases for sentencing on the same date and time regardless of whether they are formally consolidated under Rule 42(a). *See Hall*, 138 S. Ct. at 1131 ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."). Consolidating cases with hundreds of docket entries that have been pending since 2011 and 2012, respectively, entails a more significant expenditure of judicial resources than might readily be apparent to the parties.

In lieu of entering a formal consolidation order, the Court finds that it is more reasonable for the parties to file two identical copies of the same sentencing papers on the separate dockets for the two cases. However, for all intents and purposes these cases will be considered together for the purpose of Defendant's sentencing. As the Court indicated above, it intends to effect as much savings of judicial and litigant effort as possible simply by calling both related cases for sentencing at the same time.

### IV. DISPOSITION

Based on the above reasoning, the Court finds that case number 2:12-cr-00051-MCE and case number 2:11-cr-00427-TLN are related within the meaning of Local Rule 123(a). Because this Court is currently assigned the lower number, it will exercise its authority pursuant to Local Rule 123(c) and ORDER that case number 2:12-cr-00051-MCE be reassigned pursuant to Local Rule 123(c). The Court DENIES the parties' joint request to consolidate the cases for sentencing pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. (ECF No. 322).

The Clerk of the Court is directed to reassign case number 2:12-cr-00051-MCE to the undersigned. The Court will conduct a single sentencing hearing for case number 2:12-cr-00051-MCE and case number 2:11-cr-00427-TLN together on January 24, 2019 at 9:30 AM.

IT IS SO ORDERED.

Dated: December 17, 2018

Troy L. Nunley
United States District Judge